638 A.2d 171

ALEX MOSLIMANI AND DEBORAH JEAN MOSLIMANI, HIS WIFE, PLAINTIFFS, v. UNION VALLEY CORPORATION, CENTURY WEL–BUILT INDUSTRIES, INC., ABC COMPONENT PART MANUFACTURING/DISTRIBUTING COMPANY(S), FICTITIOUS COMPANY(S), DEF SUBCONTRACTOR/JOHN DOE, FICTITIOUS DEFENDANT(S), DEFENDANTS.

Superior Court of New Jersey
Law Division–Civil Part,
Monmouth County

Decided October 6, 1993.

---

whether this aspect of the dispute was, in fact, settled. Since the lis pendens will be discharged, this particular issue is moot.

*Robert J. Burns* for plaintiffs (*Giordano, Halleron & Ciesla,* attorneys).

*Carolyn F. O'Connor* for defendant Century Wel–Built (*Wilson, Elser, Moskowitz, Edelman & Dicker,* attorneys).

*Rochelle Gizinski* for defendant Union Valley Corp. (*Charles Peter Hopkins, II,* attorney).

## OPINION

FISHER, J.S.C.

The present controversy arose at a case management conference held before this court on August 12, 1993. In pretrial discovery, plaintiffs Moslimani ("plaintiffs") sought discovery of insurance information and defendant Century Wel–Built ("Century") objected. This court must determine whether such information should be provided.

After the commencement of this action, Century filed for protection under the Bankruptcy Code. The United States Bankruptcy Court eventually granted plaintiffs relief from the automatic stay imposed under the Bankruptcy Code, 11 *U.S.C.* § 362(d), but limited plaintiffs' potential recovery against the bankrupt estate to whatever proceeds remain available under Century's comprehensive general liability insurance policy for the policy year in question. In other words, in the absence of insurance coverage, plaintiffs will be unable to obtain satisfaction of any judgment they may obtain from the assets of Century.

Century states that the limits of the policy in question have been eroded by other claims or expense payments (including attorneys' fees and other defense costs). Century further argues that the limits will continue to be reduced by the incurring of defense costs in this action as well as by any other claims falling within the particular policy period.[1] Settlement discussions have been ongoing among the parties and, to ascertain the amount of funds available to Century, plaintiffs seek to determine the amount which remains available to satisfy their claim. It is this information which Century declines to voluntarily provide.

*R.* 4:10–2(b) sets forth the standard by which such requests must be measured:

> A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

It is axiomatic that the purpose of *R.* 4:10–2(b) is "to facilitate settlement." Pressler, *Current N.J. Court Rules,* comment on *R.* 4:10–2 (1994). *Accord, Federal Rule of Civil Procedure* 26, Notes of Advisory Committee on Rules ("Disclosure of insurance coverage will enable counsel for both sides to make the same realistic

---

[1] The court was advised that there are presently no other claims against Century falling within the particular policy period. In light of the age of this claim, it is unlikely that any future claims falling within the particular policy period will be asserted.

150

appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation.").[2] In this case, it is undisputed that the only satisfaction that plaintiffs can obtain on any judgment entered against Century is by way of its general liability insurance policy. Thus, any settlement discussions between plaintiffs and Century are necessarily restricted to the funds available under the insurance policy. In opposing plaintiffs' request for information as to the amount of insurance available at the present time, Century analogizes to situations where communications between insurers and reinsurers have been sought, *see, Potomac Elec. Power v. Calif. Union Ins. Co.,* 136 *F.R.D.* 1 (D.D.C.1990), and where a party has sought production of documents reflecting the reserves set by an insurer and other similar information, *see, Rhone–Poulenc Rorer, Inc. v. Aetna Casualty & Surety Co.,* 139 *F.R.D.* 609 (E.D.Pa.1991). In those cases, the courts viewed the request for such information as beyond the scope of *F.R.C.P.* 26(b)(2).

■ It is important to note that in *Potomac,* the court permitted discovery of the contents of a reinsurance agreement, but denied discovery beyond the agreements themselves. The court's decision in *Rhone–Poulenc* also fails to support Century's position. In that case, the court was asked to consider whether information containing the insurer's reserves could be discovered. Noting, quite correctly, that a reserve "essentially reflects an assessment of the value of the claim taking into consideration the likelihood of an adverse judgment," 139 *F.R.D.* at 613, the court did not permit discovery because of its impact on the work product and attorney-client privileges.

Here, plaintiffs only seek information from Century as to what fund remains available on this policy. Due to the nature of the type of insurance maintained by Century during this period of time, i.e., an aggregate policy, it is of little use to plaintiffs to know what the original policy limit was. Since other claims have eroded

---

[2] *F.R.C.P.* 26(b)(2) is identical to *R.* 4:10–2(b).

the policy limits, plaintiffs seek from Century information that would identify the amount left available to satisfy any judgment that they may obtain against Century.

Plaintiffs do not seek any information regarding Century's thought processes or its evaluation of their claim. Plaintiffs merely seek the current policy limit. Nothing stated by the courts in *Rhone–Poulenc* or *Potomac* suggests that such information is not discoverable. And, even if one could so interpret those cases, this court would not follow them. In this court's view *R.* 4:10–2(b) is not so restrictive.

Neither party has been able to refer this court to any authority that would clearly dictate whether an identification of the remaining coverage on an aggregate policy is discoverable. Nevertheless, Century's position is undoubtedly anachronistic. Century argues that its "aggregate status report, if provided to plaintiffs' counsel, would allow an improper intrusion into the settlement bargaining process, as opposing counsel could be permitted to learn exactly how much money is available for settlement and defense costs." That is exactly the reason why discovery of insurance information is permitted. It is hardly helpful to the settlement process to shield from the claimant the extent of insurance available. Century should have anticipated that an aggregate policy might give rise to the concerns it now raises. But it is no answer to the appropriate request of plaintiffs to say that they should not be made aware of the current policy limits available for their claim.

Plaintiffs' demand for the identification of the amount of insurance presently available for this claim is granted. Counsel for plaintiffs shall provide an appropriate form of order under the five-day rule.